```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

> MICHAEL BONEVENTO,
>
>    Plaintiff,
>
>    -against-
>
> AMERIPRISE FINANCIAL
> SERVICES, LLC
>
>    Defendant.

25-cv-2593 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

Before the Court is plaintiff Michael Bonevento's request to remand this case to the New York Supreme Court. For the reasons stated below, the Court grants his request.

I.   Background

This case arises from a dispute between defendant Ameriprise Financial Services, LLC ("Ameriprise") and LPL Financial LLC ("LPL"). In July 2024, Ameriprise filed suit against LPL in the Southern District of California, seeking to enjoin LPL from retaining and using its confidential client information with a "bulk upload tool." At the same time, Ameriprise initiated an arbitration action against LPL in FINRA Dispute Resolution, seeking injunctive relief and damages.

Through forensic discovery in the case before the Southern District of California, Ameriprise later identified the particular advisors who were allegedly using the bulk upload tool. Those advisors included Mr. Bonevento, a former Ameriprise advisor. On December 31,

1

2024, Ameriprise filed an amended statement of claim in the FINRA matter, adding Mr. Bonevento and the other advisors to the arbitration. The deadline for Mr. Bonevento and some other advisors to answer was April 2, 2025.

On March 28, 2025, Mr. Bonevento filed a petition in New York Supreme Court seeking emergency relief to stay the arbitration in light of the April 2 deadline, invoking various provisions of the New York Civil Practice Law and Rules ("CPLR"). Later that same day, the New York Supreme Court directed counsel to confer and advise by 5 PM of their availability for a TRO hearing on either March 31, 2025 or April 1, 2025. Still later that same day, however, Ameriprise removed the case to the Southern District of New York.

On March 31, 2025, Mr. Bonevento similarly sought emergency relief from this Court. Specifically, Mr. Bonevento asked this Court to either remand the case to the New York Supreme Court or to issue an interim stay of the arbitration proceedings. At this Court's direction, Ameriprise filed a response brief on April 1, 2025. That brief did not address Mr. Bonevento's remand request. Later that same day, this Court held a telephonic conference, during which it directed the parties to submit supplemental briefing on the remand issue. Specifically, this Court directed the parties to discuss whether Ameriprise complied with statutory requirements for removal and whether the Court had subject matter jurisdiction over this case.

At the end of the conference, Ameriprise agreed to stay the April 2 deadline as to Mr. Bonevento until this Court ruled as to its

2

jurisdiction in this case. Counsel for Mr. Bonevento then asked whether the stay applied to all the advisors, to which the Court answered:

> No. . . . [T]he only party before me, so far as a plaintiff is concerned, is Mr. Bonevento. And I am not asking for consent for the time to respond for any other person but him, nor do you have a basis, I think, since they are not before me or even asserting that. So I'm not asking defense counsel to respond to your question, because I'm ruling that he has consented only to the time that Mr. Bonevento has to respond.

ECF No. 18, at 23:1-16.[1] Immediately after the conference, the Court issued an order, which reiterated that the stay applied only to Mr. Bonevento: "In addition, at the conference, defendant consented to stay plaintiff's deadline to answer the arbitration until this Court issues its ruling as to its jurisdiction in this case."[2] ECF No. 14, at 1 (emphasis added).

II. Discussion

The parties have now submitted their supplemental briefing, so the Court proceeds to consider Mr. Bonevento's request for a remand. As noted above, that request raises two distinct issues: (i) whether Ameriprise complied with the statutory requirements for removal, and (ii) whether this Court has subject matter jurisdiction. For the

---

[1] All quotations omit internal alterations, brackets, citations, ellipses, quotations, and quotation marks.

[2] In a letter to various FINRA officials, Mr. Bonevento suggested that Ameriprise consented to a stay of the deadline to answer as to advisors other than Mr. Bonevento. See ECF No. 20, Exhibit A, at 2. However, as evidenced by both the transcript of this Court's telephonic conference and the subsequent Court's order, Ameriprise consented to a stay with respect to Mr. Bonevento only.

reasons stated below, the Cout concludes that any procedural defects in Ameriprise's notice of removal would not deprive this Court of jurisdiction, but that Ameriprise has nevertheless failed to demonstrate that this Court has subject matter jurisdiction in this case. Below, the Court considers each issue in turn.

A. Statutory Requirements for Removal

At the outset, the parties dispute whether Ameriprise has complied with the statutory requirements for removal and whether any failure to comply with those requirements deprives this Court of jurisdiction. The relevant statutory provision, 28 U.S.C. § 1446, provides:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). It further provides that the "notice of removal" must be "filed within 30 days after the receipt by the defendant." Id. at § 1446(b)(1).

Mr. Bonevento argues that Ameriprise did not comply with these requirements because it did not attach any materials from the state court proceedings to its notice of removal. Ameriprise concedes that it did not attach any such materials to its notice, but nevertheless argues that it complied with section 1446 by filing all the relevant materials just two business days after it filed its notice of removal

4

and well within the thirty-day period specified under subsection (b)(1). Ameriprise further argues that Mr. Bonevento has failed to identify a case in which a federal court was deprived of jurisdiction under such circumstances.

The Court agrees with Ameriprise. Section 1446 only requires a defendant to "file" the notice of removal and corresponding state court proceedings "within 30 days of receipt." Id. at §§ 1446(a) & (b). It does not specifically state that the state materials must be "attached" to the notice of removal. Where, as here, a defendant files the state materials within thirty days, it therefore complies with the statutory requirements for removal. District courts routinely refuse to remand under such circumstances. See, e.g., Rocha v. Brown & Gould, LLP, 61 F. Supp. 3d 111, 113 & n.3 (D.D.C. 2014) (explaining that "the majority of federal courts . . . have held that failure to include documents from the state court record under § 1446(a) is a procedural error that does not require remand" and gathering cases). Accordingly, the Court rejects Ameriprise's jurisdictional arguments with respect to the statutory requirements for removal.

### B. Subject Matter Jurisdiction

The parties also dispute whether this Court has subject matter jurisdiction over this case. Ameriprise puts forth three separate bases for subject matter jurisdiction: (i) diversity, (ii) federal question, and (iii) supplemental. Mr. Bonevento contests each basis. After careful consideration, the Court concludes that none of the

bases put forth by Ameriprise is sufficient to establish subject matter jurisdiction in this case.

To start, Ameriprise has not established that the Court has diversity jurisdiction. The parties agree that there is complete diversity of citizenship,[3] so the only disputed issue with respect to diversity is whether the amount in controversy exceeds $75,000. As the party invoking this Court's jurisdiction, Ameriprise has the "burden of proving that it appears to be a reasonable probability that [its] claim is in excess of the statutory jurisdictional amount." <u>Sec. Plans, Inc. v. CUNA Mut. Ins. Soc.</u>, 769 F.3d 807, 814 n.5 (2d Cir. 2014).

In its notice of removal, Ameriprise states only that "the underlying Arbitration far exceeds the sum of $75,000." ECF No. 1, at 1, 3. However, in its supplemental briefing, Ameriprise identifies three bases for diversity jurisdiction, none of which sufficiently establishes that there is a reasonable probability that the amount in controversy in this particular case exceeds $75,000. First, Ameriprise states that the LPL advisors misappropriated information from 4,500 Ameriprise clients with over $1 billion in assets under management between them, thereby suggesting that Ameriprise may be entitled to $1 billion in damages in the underlying arbitration. However, Mr. Bonevento is the only plaintiff in the case before this Court, and Ameriprise has failed to demonstrate that $75,000 of damages can be attributed to his specific activities. Next, Ameriprise suggests that

---

[3] Mr. Bonevento is a citizen of Florida, while Ameriprise is a Delaware corporation with its principal place of business in Minnesota.

the forensic discovery in the underlying litigation will likely exceed $200,000. However, that discovery took place in the case between Ameriprise and LPL in the Southern District California. Mr. Bonevento was never a party to that case, and it is not clear at this stage of the proceedings that he could be ordered to contribute to any award relating to those fees if Ameriprise were to prevail in arbitration. Finally, Ameriprise points to the settlement agreement between Ameriprise and Mr. Bonevento that serves as the basis for Mr. Bonevento's request for relief from arbitration. Ameriprise argues that the agreement is valued at $120,000. However, once again, Ameriprise has not established a reasonable probability that the value of that agreement creates a sufficient amount in controversy in these proceedings. Under these circumstances, Ameriprise has failed to satisfy its burden of establishing that there is a reasonable probability that the amount in controversy in this particular case exceeds $75,000, so the Court cannot exercise diversity jurisdiction.

Next, Ameriprise argues that the Court has federal question jurisdiction because this case arises under the Defend Trade Secrets Act, 18 U.S.C. §§ 1836, et seq. Specifically, Ameriprise argues that Mr. Bonevento's petition before the New York Supreme Court concerned arbitration and that the United States Supreme Court permits a federal court to "look through" an arbitration-related petition to determine if it is predicated on an act that "arises under" federal law." Vaden v. Discover Bank, 556 U.S. 49, 62 (2009). However, the United States Supreme Court has recently clarified that the "look through" approach

7

applies only to claims raised under section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, et seq. See Badgerow v. Walters, 596 U.S. 1, 5 (2022). Because Mr. Bonevento has raised a claim under the CPLR, not the FAA, the Court cannot apply the "look through" approach and therefore cannot exercise federal question jurisdiction.[4]

Finally, for the first time in its supplemental briefing, Ameriprise argues that this Court has supplemental jurisdiction over this matter because the Southern District of California itself retains jurisdiction over the original case between Ameriprise and LDL. However, once again, Mr. Bonevento was never a party to those proceedings. Moreover, even if Mr. Bonevento had been a party to those proceedings, the Southern District of California declined to grant a preliminary injunction for the duration of the arbitration and closed the case, so it no longer retains jurisdiction. See ECF No. 28, Exhibit I, at 2. And where, as here, this Court lacks original jurisdiction over any other claims in a case, the Court may decline to exercise supplemental jurisdiction in any event. See 28 U.S.C. § 1367(c); cf. Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 28 (2025) (discussing section 1367(c)). Accordingly, this Court declines to exercise supplemental jurisdiction over these proceedings.

---

[4] As the Supreme Court explained in Badegrow, its decision in Vaden hinged on the specific language of section 4 of the FAA. See Badgerow, 596 U.S. at 9-10. Here, none of the CPLR provisions that Mr. Bonevento cites in his petition contains similar language. See C.P.L.R. §§ 6301, 7502(b), 7503(b).

III. Conclusion

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this matter and grants Mr. Bonevento's request to remand the case to the New York Supreme Court. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

New York, NY
4/11, 2025

JED S. RAKOFF, U.S.D.J.